UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re Kevin D. Sutton, | Case No. 2:26-cv-00098-APG-EJY |
| | **ORDER** |

On January 16, 2026, Plaintiff submitted an untitled document stating he is being unlawfully restrained and confined in violation of his due process and equal protection rights. ECF No. 1-1. It appears Plaintiff is incarcerated by the Nevada Department of Corrections ("NDOC") following a conviction "use of a deadly weapon" in a first degree murder. Plaintiff states he "would have been freed from incarceration years ago" but for this "Count 2," for which he "was never charged, tried, and criminally convicted." *Id.*

Plaintiff did not file a proper initiating document such as a civil rights complaint under 42 U.S.C. § 1983 or petition for writ of habeas corpus under 28 U.S.C. § 2254. Plaintiff also did not pay the $405 filing fee for a non-habeas civil action, the $5 filing fee for a habeas action, or apply to proceed *in forma pauperis*, which would relieve him of having to prepay the filing fee to commence a non-habeas civil action. *See* ECF No. 1

I.      **DISCUSSION**

        A.      **Plaintiff must file a proper initiating document.**

"Persons subject to state custody generally have two potential avenues to remedy violations of their federal constitutional rights: a habeas petition under 28 U.S.C. § 2254 and a civil suit under 42 U.S.C. § 1983." *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (citation modified). In *Preiser v. Rodriguez*, the Supreme Court "held that § 1983 implicitly excludes from its coverage claims that lie within the core of habeas corpus." *Id.* (citation modified) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973)). "Thus, a person who is in state custody may not use § 1983 to challenge the very fact or duration of confinement by seeking a determination that he is entitled to immediate release or a speedier release from that imprisonment—for example, an

1

injunction requiring prison officials to grant good-time credits that would shorten his prison term." *Id.* at 841 (citation modified) (quoting *Preiser*, 411 U.S. at 499–500).

In *Heck v. Humphrey*, the Supreme Court "elaborated on the exception set forth in *Preiser*, holding that a state prisoner may not maintain a § 1983 claim for damages if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence with respect to a prior judgment that has not been nullified previously." *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 484, 487 (1994)). Known as the *Heck* doctrine, this exception to § 1983 coverage means "a claim that meets the statutory criteria of § 1983 may be asserted unless its success would release the claimant from confinement or shorten its duration, or would necessarily imply the invalidity of the conviction or sentence." *Id.* (citation modified). Thus, "a prisoner may challenge the fact or duration of imprisonment only through a habeas corpus proceeding, but may challenge conditions of confinement in an action under § 1983." *Id.* at 842 (citation modified). Or, as the Supreme Court explained in *Wilkinson v. Dotson*, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81–82 (2005).

Plaintiff appears to be challenging his underlying state criminal conviction and seeking immediate or speedier release from incarceration, which are claims that fall within the core of habeas and must be pursued in a habeas action, not a civil-rights action. However, considering the paucity of information provided in Plaintiff's untitled document, the Court will send him the approved forms and instructions for filing both a petition for habeas corpus under 42 U.S.C. § 2254 and a prisoner civil-rights complaint under 42 U.S.C. § 1983. **Importantly, Plaintiff may <u>not</u> file both documents in this action. Rather, Plaintiff must decide which type of action he intends to pursue and file the appropriate initiating document for that action—either a petition for writ of habeas corpus (for a habeas action) or a civil-rights complaint (for a non-habeas civil action).**

**B.      Plaintiff must either pay the full filing fee or apply for *in forma pauperis* status**.

Regardless of the type of action Plaintiff pursues, he must pay the full filing fee for that action or file a complete application to proceed *in forma pauperis*. The fee for filing a habeas corpus action is $5, and the fee for filing a non-habeas civil action is $405. Effective December 8, 2025, NDOC inmates filing lawsuits in the U.S. District Court for the District of Nevada are directed to apply for *in forma pauperis* status using the form titled "Application to Proceed *In Forma Pauperis* by an Inmate in NDOC Custody."

## II.      ORDER

Accordingly, IT IS HEREBY ORDERED that no later than **February 26, 2026**, Plaintiff must accomplish the following two tasks:

- File a petition for writ of habeas corpus or a civil-rights complaint on the approved form for federal court; and

- Either pay the $5 filing fee for a habeas action, pay the $405 filing fee for a non-habeas civil action, or file with the Court a completed Application to Proceed *In Forma Pauperis* by an Inmate in NDOC Custody.

IT IS FURTHER ORDERED that the Clerk of the Court **must** send to Plaintiff (1) the approved form Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody <u>Not</u> Sentenced to Death with instructions; the approved form Civil Rights Complaint by an Inmate with instructions; and the approved form Application to Proceed *In Forma Pauperis* by an Inmate in NDOC Custody with instructions.

IT IS FURTHER ORDERED that failure to comply with this Order on or before **February 26, 2026**, will result in a recommendation to dismiss this action **without prejudice**. A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able to comply with LSR 2-1 and file a proper initiating document and either file a complete application to proceed *in forma pauperis* or pay the required filing fee.

Dated this 26th day of January, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3